UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAVID HUNTER,                                    No. C 07-3692 MHP (pr)

       Plaintiff,                              **ORDER ON INITIAL REVIEW**

    v.

IMMINENT DANGER INCIDENTS etc., et al.,

       Defendants.
                                     /

## INTRODUCTION

David Hunter, a prisoner currently incarcerated that Folsom State Prison, has filed a pro se civil rights complaint under 42 U.S.C. § 1983 and applied to proceed in forma pauperis. This action is now before the court for review pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(g).

## DISCUSSION

A.    The Frequent Filer Problem

A prisoner may not bring a civil action in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). For purposes of a dismissal that may be counted under § 1915(g), the phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of

United States District Court
For the Northern District of California

1  Civil Procedure 12(b)(6) and carries the same interpretation, the word "frivolous" refers to a
2  case that is "'of little weight or importance: having no basis in law or fact,'" and the word
3  "malicious" refers to a case "filed with the 'intention or desire to harm another.'" Andrews v.
4  King, 398 F.3d 1113, 1121 (9th Cir. 2005) ("Andrews I") (citation omitted).  Only cases
5  within one of these three categories can be counted as strikes for § 1915(g) purposes, so the
6  mere fact that Hunter has filed many cases does not alone warrant dismissal under § 1915(g).
7  See id.  Rather, dismissal of an action under § 1915(g) should only occur when, "after careful
8  evaluation of the order dismissing an [earlier] action, and other relevant information, the
9  district court determines that the action was dismissed because it was frivolous, malicious or
10 failed to state a claim."  Id.
11        Andrews I requires that the prisoner be given notice of the potential applicability of
12 § 1915(g), by either the district court or the defendants, but also requires the prisoner to bear
13 the ultimate burden of persuasion that § 1915(g) does not bar pauper status for him.  Id.
14 Andrews I implicitly allows the court to sua sponte raise the § 1915(g) problem, but requires
15 the court to notify the prisoner of the earlier dismissals it considers to support a § 1915(g)
16 dismissal and allow the prisoner an opportunity to be heard on the matter before dismissing
17 the action.  See id. at 1120.  A dismissal under § 1915(g) means that a prisoner cannot
18 proceed with his action as a pauper under § 1915(g), but he still may pursue his claims if he
19 pays the full filing fee at the outset of the action.
20        A review of the dismissal orders and docket sheets in Hunter's prior prisoner actions
21 in this court reveals that Hunter has had at least three such cases dismissed on the ground that
22 they were frivolous, malicious, or failed to state a claim upon which relief may be granted.
23 Hunter is now given notice that the court believes the following dismissals may be counted
24 as dismissals for purposes of § 1915(g): (1) Hunter v. Marshall, N. D. Cal. Case No. C 95-
25 982 MHP (civil rights action dismissed as factually and legally frivolous), (2) Hunter v. First
26 Appellate District, N. D. Cal. Case No. C 95-4258 MHP (pleading filed on § 2255 motion
27 form construed as a civil rights action and dismissed as frivolous); and (3) Hunter v.
28 Mandeville, N. D. Cal. Case No. C 95-2443 MHP (civil rights action dismissed for failure to

2

state a claim).  The court made its evaluation of the first two cases based on the dismissal orders and the third case based on the docket sheet.  See Andrews I, 398 F.3d at 1120.

In light of these dismissals, Hunter is ORDERED TO SHOW CAUSE in writing why pauper status should not be denied and this action should not be dismissed pursuant to 28 U.S.C. § 1915(g).  In the alternative to showing cause why this action should not be dismissed, Hunter may avoid dismissal by paying the full $350.00 filing fee by the deadline.

The complaint Hunter filed suggests that he may be trying to fit within the imminent danger exception to § 1915(g).  If he wants to do so, he needs to describe the facts showing the imminent physical danger, rather that merely asserting the conclusion that he is in imminent physical danger.  It will suffice if he "makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." See Andrews v. Cervantes, 493 F.3d 1047, 1055 (9th Cir. 2007) ("Andrews II").  Because it appears that Hunter's complaint concerns something at Pelican Bay, and he was transferred to another prison before he filed this action, he should be particularly careful to show the connection between the alleged imminent danger and the claims he asserts in his amended complaint as the statute requires that he show he was in imminent danger at the time he filed his complaint.

B.   Review of The Complaint

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. §1915A(a).  The court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. §1915A(b)(1),(2).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

3

1    Under a very liberal interpretation of Hunter's complaint, it appears that he is
2 attempting to allege that he is in "imminent danger" for purposes of 28 U.S.C. § 1915(g) and
3 wants earlier-dismissed cases reopened. The complaint alleges that he "did a follow-up
4 pertaining to the order [he] received from the court dated 2-17-07 to file a affidavit which
5 was presented over a month ago" to proceed in forma pauperis "pertaining to imminent
6 danger incidents at Pelican Bay State Prison and 17 years false imprisonment by the state."
7 Complaint, p. 3 (errors in source). He asks the court to "trace the two affidavits that have
8 been presented of a et seq proceeding dated 2-17-07." Id. (errors in source).   In the place on
9 the form complaint where the plaintiff is directed to write the full name of the defendant(s),
10 plaintiff wrote "imminent danger incidents at Pelican Bay State Prison on the record dated 2-
11 17-07." Complaint, p. 1.
12    The complaint has several deficiencies. First, the central point of the complaint (i.e.,
13 that he filed an affidavit in response to a court order) does not comport with the court's
14 records. The court has no record of any filing by Hunter in 2007 and no record of having
15 issued an order in any of Hunter's cases in 2007. To the extent Hunter is requesting the court
16 to investigate why the filings did not reach the courthouse, the request is denied because it is
17 the plaintiff's responsibility to investigate and present his case. (If his contention concerns a
18 filing and order in another court, he may wish to pursue the matter in that other court.)
19    Second, there is no defendant named.
20    Third, no claim for relief is stated. Alleging that the plaintiff is in imminent danger
21 does not state a claim for relief under § 1983. It is a necessary allegation for a frequent filer
22 to surmount the hurdle of § 1915(g) – i.e., the frequent filer plaintiff has to make a plausible
23 claim that he is in imminent danger to be allowed to proceed as a pauper – but does not itself
24 mean that the plaintiff has suffered a violation of any right secured by the Constitution or
25 laws of the United States. Hunter must file an amended complaint to attempt to allege a
26 claim for relief. For each claim, he must allege the facts showing his entitlement to relief
27 from the defendant(s). He should allege what happened to him, the date on which the event
28 occurred, identify each defendant he proposes to hold liable, and describe what each

4

defendant did or failed to do that caused him harm. He also may wish to identify the constitutional right that allegedly was violated.

Fourth, to the extent Hunter is trying to state a claim for denial of access to the courts, it fails to do so because the complaint does not allege an actual injury resulting from any failure of his affidavits to reach the court. A constitutional right of access to the courts exists, but to establish a claim for any violation of the right of access to the courts, the prisoner must show that there was an inadequacy in the prison's legal access program that caused him an actual injury. See Lewis v. Casey, 518 U.S. 343, 350-51 (1996). To prove an actual injury, the prisoner must show that the inadequacy hindered him in presenting a non-frivolous claim concerning his conviction or conditions of confinement. See id. at 355. Examples of impermissible hindrances include: a prisoner whose complaint was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known; and a prisoner who had "suffered arguably actionable harm" that he wished to bring to the attention of the court, but was so stymied by the inadequacies of the prison's services that he was unable even to file a complaint. See id. at 351. In his amended complaint, Hunter may attempt to plead a denial of access to the courts claim, but is cautioned that he must identify the deficiency in the legal program and allege an actual injury to state a claim for relief.

Finally, plaintiff is cautioned that administrative remedies must be exhausted for each claim asserted in a federal civil rights complaint before the action is filed. See 42 U.S.C. § 1997e(a).

C.   Miscellaneous Motions

Plaintiff's "pleading motion in accordance to imminent danger at Pelican Bay State Prison," "pleading motion to reopen imminent danger cases at Pelican Bay State Prison by the regional commissioner in accordance to preliminary injunction/TRO" are DENIED. (Docket # 8, # 9.) The court will not consider any motions by plaintiff until a proper pleading is on file and the court determines whether plaintiff may proceed as a pauper.

5

**CONCLUSION**

Plaintiff must show his entitlement to proceed as a pauper and must amend his complaint. If he fails to do either, this action will be dismissed.

Plaintiff's response to the order to show cause why pauper status should not be denied must be filed no later than **February 22, 2008**.

The complaint fails to state a claim upon which relief may be granted and is dismissed with leave to amend. Plaintiff must file an amended complaint no later than **February 22, 2008**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. The amended complaint must cure the deficiencies identified in this order. Failure to file the amended complaint by the deadline will result in dismissal of this action.

IT IS SO ORDERED.

Dated: January 17, 2008

_____
Marilyn Hall Patel
United States District Judge