David Hunter
D28208
PO Box 290066
Represa CA
95671

David Hunter
Plaintiff
V.s
C/o Hegelmeyer
Lt. Birondo et Al.
Defendant

FILED
JAN 3 1 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

United States District Court
Northern District of California

No CV 07-3692 MHP (PR)
Amended complaint and order to show cause in Accordance to 28 USC 1915(g) of imminent danger incidents for showing of good cause as reprimanded see 15(A) and 19(A) FRCP

Caption
Order to
Show Cause

Plaintiff David Hunter pursuant to Rules 15(A) and 19(A) Fed.R.Civ.p. Request leave to file an amended complaint adding a party.
(1) Plaintiff in his original complaint named a L.T. Birondo defendant.
(2) Since the filing of the complaint the plaintiff has determined the name of the c/o Hegelmeyer defendant.

(1)

(3) This court should grant leave freely to amend a complaint. See Foman v. Davis, 371 U.S. 178, 83 S.Ct. 227 (1962); Martens v. Hunnell, 587 F.2d 962 (7th Cir. 1978 (trial court may not deny leave to amend without any justifying reason).

Factul
Basic
Dispute

Pertaining to Hunter v. First Appellate District N.D. Cal. case no CV 95-4258 MHP Background plaintiff was a layman at law pertaining to this Emminent danger Incident that occurred in the year of 1993 or 1994 as plaintiff doesn't remember the exact date on the record in your court and on transcript at Del Norte Superior Court on the record at Pelican Bay State Prison. Request for the court to obtain the transcript. As plaintiff lock up with my food tray protesting my First Admendment rights to go too the law library. defendants Hegelmyer and Birondo told me too cuff up

(2)

And come out my cell that we are taken plaintiff to the LAW Library. So plaintiff cuffed up and came out upon escort to the LAW Library. After Exiting the entrance of the pod Defendants Heygelmyer and Birondo with evil motive maliciously and sadistically Body slammed plaintiff up against the concrete wall and started banging my head against the wall. Where my head busted open. And then defendants Body slammed plaintiff down to the ground while secured in hand cuffs and leg irons of no defense and started beating plaintiff down with their billy clubs Repeatedly all over my head and body of excessive force of Brutality. See Hudson V. McMillan (1992) 503 U.S. 1 ( ██ 112 S. ct 995; 117 L. Ed. 2d 156);

(3)

See Also Government codes 844.6(A) AND 845.6. Damage suffered As A result of A breach of A contract of extreme sustained injuries of bruses all over my head AND body AND plaintiff had to get my head stiched up over 20 stiches. AND then ▬▬▬ After defendants wood my Ass defendants started yelling At plaintiff Hunter you got your Ass wooped for locking up with your food tray AS ANy inmate don't lock up with A food tray At Pelican Bay State Prison without taken A Ass wooping. At the Actual time of the Incident that occurred plaintiff WAS under extreme Imminent danger. See Whitley V. Albers (1986) 475 U.S. 312 (106 S. Ct. 1078; 89 L. Ed. 2d 251). AS defendant are not immune from liability under the eleventh Amendment quasi judicial plan to get away with this crime on the person of DAVid Hunter See Penal code 3524.

(4)

See Also Hoptowit V. Ray (9th Cir. 1982) 682 F.2d 1237, 1246

See Also Rhodes V. Chapman (1981 452 U.S. 337 347 (101 S. Ct. 2392; 69 L.Ed.2d 59).

See Also in violation of plaintiffs Eigth Amendment Rights under constitution law. of excessive force of Brutality Imminent danger Incident. Courts Are Agreed that the excessive or unnecessary use of force violates the constitution. See Ingraham V. Wright, 430 U.S. 651 669 97 S. Ct. 1401 (1977) (dictum) quoting 525 F.2d 909, 915 (5th Cir. 1976) prison brutality ... is part of the total punishment ... and as such is a proper subject for Eighth Amendment scrutiny.")).

3 weeks subsequently After the Incident defendant Hegelmeyer use to come around plaintiff All the time And he felt guilty About what [...] One day he [...]

And plaintiff Retaliated And gassed defendant Hegelmeyer threw the food

And plaintiff retaliated and gassed defendant Hegelmeyer threw the food port with fecal matter in his face of self-defense. And got him good. As plaintiff wanted some type of revenge. And plaintiff got 4 extra years of false-imprisonment for gassing defendant Hegelmeyer on the transcript in the Superior Court at Del Norte on the record in your court also in Hunter V First Appellate District N.D. Cal. Case No C95-4258 MHP filed. Pertaining to Imminent danger Incident Hunter V. Mandeville N.D. Cal. Case No C95-2443 MHP in the year 1987 or 1988 at Vacaville medical facility as plaintiff don't ▇▇▇ remember the exact date on the record in your court need for the court to obtain a Olson Review to get the 115's out of plaintiff's C file on the record. of this Imminent danger Incident that occurred.

(6)

Defendant Clark use to always put something in plaintiffs medication that use to get plaintiff sick all the time. As defendant Clark was madly in love with plaintiff and plaintiff new why she was puting something in my psych meds was because she was jealous because I was talking with other women plaintiff gassed her one day and she ran off the tier and told me that your ass was mine Hunter and told defendant Sergeant Mandeville and cahoots, a illegal crime imminent danger incident. Defendant Sergeant Mandeville and his boys came to plaintiffs cell and pleaded to plaintiff to come out of my cell to talk about the incident plaintiff cuffed up and came out to talk about the matter and as soon as plaintiff exit off

(7)

the tier instead of talking about the matter Defendant Mandeville and his boys jumped on plaintiff and body slammed plaintiff to the ground and beat plaintiff down of excessive force of brutality and shot plaintiff with a taser gun and his boys repeatedly stomping plaintiff with their boots and stricking with their flash lights all over my head and body. And then after Defendant Mandeville and his boys were threw wooping plaintiffs ass Defendant Mandeville had MTA Clark cut all my clothes off but naked and had MTA Clark grab plaintiffs penis and nut sack ejaculating and masturbating real hard with her hands of a sex crime.

(8)

And then Defendant Mandeville and his boys put plaintiff in a strip cell for 10 days sleeping without a mattress but naked. Plaintiff sustained contusions all over my body and head of serious injuries. At the actual time of the incident that occurred plaintiff was under imminent danger.

See Johnson v. California (2005) U.S. (125 S.Ct. 1141, 1146 1148-1149; 160 L.Ed.2d 949).
See also Government code 844.6(b)

It is clearly within the discretion of the district court to appoint counsel for the indigent plaintiff.
As plaintiff is indigent. In every case the plaintiff should ask the court to appoint counsel to represent him. Supra Note 69.

The district court's failure to appoint counsel

(9)

should always be considered as one of the issues to be raised if the court dismisses the petition and an appeal is taken. As appointment of counsel is necessary to insure the adequate presentation of plaintiff's case and is in the best interest of justice.

The standards are the same of plaintiff's imminent danger incidents. And no matter what amendment is cited to be safe plaintiff should cite both the Eighth Amendment and due process in plaintiff's complaint have been violated of imminent danger. And in bad faith effort maliciously and sadistically for the very purpose of causing harm on the person of David Hunter.

See John v. Glick, the court considered the above quoted norm as spelling out the "the conscience" test. Supra note 285, 481F. 2d at 1033,

(10)

quoting Rochin V. California, 342 U.S. 165, 172, 72 S. ct. 205 (1952).

PRAYER
for Relief

(1) To grant monetary damages in a sum amount of 4.5. million and settlement.

(2) To grant to proceed in forma pauperis in accordance to 28 USC 1915(g).

(3) To grant appointed counsel to represent plaintiff.

(4) To grant for defendants to pay cost of suits and atty fees.

(5) To grant for plaintiff to take all in these illegal actions

(6) To grant punitive damages in a sum amount of 25,000.000 hundred thousand dollars against defendants.

(7) To grant compensatory damages in a sum amount against defendants of 25,000.000 hundred thousand dollars.

(8) To grant a declaratory judgment and damage relief

(9) To grant any other relief the court deems just proper for the illegal proximate causes.

(11)

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

Mr. Hunter

Petitioner,

v.

C/o Hdl. Imeyer
　　　　　Respondent

Case No: 07-3692 MHP (PR)

**PROOF OF SERVICE**

I the undersigned, here by certify that I am over the age of eighteen years, and (I (am)) (am not) a party to the above entitled action.

On ___4-08___, _____, I served a copy of: ___Amended Complaint___

By placing said copy in a postage paid envelope addressed to the person hereinafter listed, by depositing said envelope in the United States mail:

1. US Court House
   4C Golden Gate Ave
   San Francisco CA
   94102

2.

I declare under the penalty of perjury that the foregoing is true and correct.

(Signature) _____

DAVID HUNTER, Declarant

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

DAVID HUNTER

Petitioner,

v.

MTA CLARK
ASSOCIATE WARDEN
MANdeville          Respondent

Case No: C07-3692 MHP (PR)

**PROOF OF SERVICE**

I the undersigned, here by certify that I am over the age of eighteen years, and (I (am)) (am not) a party to the above entitled action.

on 1-28-08, _____, I served a copy of: Amended complaint

By placing said copy in a postage paid envelope addressed to the person hereinafter listed, by depositing said envelope in the United States mail:

1. US Court House
   450 Golden Gate Ave
   SAN FRANCISCO CA
   94102

2.

I declare under the penalty of perjury that the foregoing is true and correct.

(Signature) _____
DAVID HUNTER, Declarant

Note C/o Hegelmeyer employed At pelican BAY state prison

AO 399 (Rev. 10/95)

## WAIVER OF SERVICE OF SUMMONS

TO: __DAVID HUNTER__
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, __C/o Hegelmeyer__, acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of __Amended complaint__
(CAPTION OF ACTION)

which is case number __C07-3692 MHP (PR)__ in the United States District Court
(DOCKET NUMBER)

for the __Northern__ District of __California__.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after __1-28-08__,
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

__1-28-08__                __David Hunter__
(DATE)                    (SIGNATURE)

Printed/Typed Name: __David Hunter__

As __Imminent danger__ of __C/o Hegelmeyer__
    (TITLE)                (CORPORATE DEFENDANT)

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had

NoTE LieuTENANT BiRoNdo employed AT PelicAN BAY STATe PRisON

AO 399 (Rev. 10/95)

## WAIVER OF SERVICE OF SUMMONS

TO: DAVid HuNTer
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, LieuTENANT BiRoNdo, acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of AMENdEd CoMPlAiNT
(CAPTION OF ACTION)

which is case number C07-3692 MHP (PR) in the United States District Court
(DOCKET NUMBER)

for the NoRTherN District of CAliforNiA.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after 1-28-08,
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

1-28-08
(DATE)

David Hunter
(SIGNATURE)

Printed/Typed Name: DAVid HuNTer

As ImmiNeNT dANger of LT. BiRoNdo
(TITLE) (CORPORATE DEFENDANT)

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

*Note defendant Mandeville is a associate warden now employed at Folsom State Prison*

AO 399 (Rev. 10/95)

## WAIVER OF SERVICE OF SUMMONS

TO: __DAVID HUNTER__
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, __MANDEVILLE__, acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of __Amended Complaint__,
(CAPTION OF ACTION)

which is case number __C07-3692 MHP (PR)__ in the United States District Court
(DOCKET NUMBER)

for the __Northern__ District of __California__.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after __1-28-08__,
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

__1-28-08__       __David Hunter__ (signature)
(DATE)                                             (SIGNATURE)

Printed/Typed Name: __David Hunter__

As __Imminent Danger__ of __Mandeville__
         (TITLE)                          (CORPORATE DEFENDANT)

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

Note MTA Clark Employed At Vacaville Medical Facility

AO 399 (Rev. 10/95)

## WAIVER OF SERVICE OF SUMMONS

TO: __DAVID HUNTER__
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, __MTA CLARK__ (DEFENDANT NAME), acknowledge receipt of your request that I waive service of summons in the action of __AMENDED COMPLAINT__ (CAPTION OF ACTION), which is case number __C-07-3692 MHP (PR)__ (DOCKET NUMBER) in the United States District Court for the __NORTHERN__ District of __CALIFORNIA__.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after __1-28-08__ (DATE REQUEST WAS SENT), or within 90 days after that date if the request was sent outside the United States.

__1-28-08__
(DATE)

Signature: __David Hunter__
(SIGNATURE)

Printed/Typed Name: __DAVID HUNTER__

As __IMMINENT DANGER__ (TITLE) of __MTA CLARK__ (CORPORATE DEFENDANT)

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

DAVid

P208 Folsom State Prison
PO Box 290066
Represa CA
95671

MHP

RECEIVED

JAN 31 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA



**RECEIVED**

JAN 31 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Office of the clerk
Richard Wieking
U.S. Court House
450 Golden Gate Ave
San Francisco, CA
94102