UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAVID HUNTER,  No. C 07-3692 MHP (pr)

      Plaintiff, **ORDER OF DISMISSAL**

    v.

IMMINENT DANGER INCIDENTS etc., et al.,

      Defendants.
                                   /

        On January 18, 2008, the court ordered plaintiff to show cause why this action should not be dismissed under 28 U.S.C. § 1915(g), which provides that a prisoner may not bring a civil action in forma pauperis "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  The order identified three prior dismissals that appeared to count under § 1915(g) and ordered plaintiff to show cause why pauper status should not be denied and this action dismissed.  The order explained that plaintiff could show one or more dismissals did not count under § 1915(g), or he could pay the filing fee, or he could show that he came within the imminent danger exception to avoid dismissal.  The order also required plaintiff to file an amended complaint to cure deficiencies in his original complaint.

        On January 31, 2008, plaintiff filed a document entitled "amended complaint and order to show cause in accordance to 18 USC 1915(g) of imminent danger incidents for showing of good cause as reprimanded."  (Docket # 12.)  The document apparently was

1 both a response to the order to show cause and an amended complaint. The court need not
2 decide whether the document cured the pleading defects because, regardless of the adequacy
3 of the amendment, § 1915(g) requires dismissal of the action.

4 Plaintiff did not show that any of the prior dismissals could not be counted as
5 dismissals under § 1915(g). The court now finds that the three prior dismissals identified in
6 the order to show cause count as dismissals for purposes of § 1915(g).

7 Plaintiff did not opt to pay the filing fee.

8 Plaintiff tried to avoid dismissal using the imminent danger exception in § 1915(g),
9 which allows a prisoner-plaintiff who otherwise would be not be allowed to proceed as a
10 pauper to proceed with his complaint if he "is under imminent danger of serious physical
11 injury." 28 U.S.C. § 1915(g). Plaintiff failed to make the necessary plausible allegation that
12 he faced imminent danger at the time he filed this action. See Andrews v. Cervantes, 493
13 F.3d 1047, 1055 (9th Cir. 2007). He stated that he had been subjected to excessive force in
14 1993 or 1994 and also in 1987 or 1988 (and apparently filed a civil rights action in 1995
15 complaining about those events). Plaintiff stated that he was in imminent danger when these
16 events happened, but that was many, many years before this action was filed. Being in
17 imminent danger more than a decade before the filing of the action is inadequate for purposes
18 of § 1915(g), because the plaintiff must be in imminent danger at the time of the filing of the
19 action in which the plaintiff-prisoner wants to proceed as a pauper.

20 For the foregoing reasons, plaintiff's in forma pauperis application is DENIED (docket
21 # 5, # 10) and this action is DISMISSED pursuant to 28 U.S.C. § 1915(g). The dismissal is
22 without prejudice to plaintiff asserting his claims in an action for which he pays the full filing
23 fee at the time he files his complaint. All other pending motions are dismissed as moot in
24 light of the dismissal of this action. The clerk shall close the file.

25 IT IS SO ORDERED.
26 Dated: February 15, 2008                    _____
27                                              Marilyn Hall Patel
                                                United States District Judge
28